UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. YATES, :
         Petitioner :
     vs. : CIVIL NO. 1:CV-11-0592
      :
B. A. BLEDSOE, : (Judge Caldwell)
      :
         Respondents :

*M E M O R A N D U M*

James A. Yates, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his 1997 conviction and subsequent sentence in the United States District Court for the Northern District of Illinois.  Yates seeks release from custody based on the United States Supreme Court's decision in *United States v. O'Brien*, ___ U.S. ___, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), which he alleges changed the legal landscape regarding the distinction between elements of a crime and sentencing factors.  Specifically, he contends that under *O'Brien* his mandatory minimum life sentence under 21 U.S.C. § 848(b) for engaging in a continuing criminal enterprise (CCE) is unconstitutional as it was never proven to a jury that he was a principal, organizer or leader of a criminal enterprise that involved 1.5 kilograms of cocaine base.[1]

Since Yates has failed to show that a motion under 28 U.S.C. § 2255 is

---

[1] In *O'Brien*, the Supreme Court held that the machine-gun provision in 18 U.S.C. § 924(c)(1)(B)(ii) was an element of the 18 U.S.C. § 924(c) offense at issue rather than a sentencing factor, so that whether the firearm in that case was a machine gun had to be proven to the jury beyond a reasonable doubt rather than determined by the judge at sentencing.  *O'Brien*, ___ U.S. at ___, 130 S.Ct. at 2180.

inadequate or ineffective to present his claim, his 2241 petition will be dismissed for lack of jurisdiction.

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[2] Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re*

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met. Yates has already filed a section 2255 motion, in 2001. The district court denied the motion, and the Seventh Circuit denied a certificate of appealability. (Doc. 1, Pet., pp. 2-3).

*Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(per curiam)(nonprecedential).

Yates argues that he can rely on section 2241 because under *Dorsainvil*, *supra*, section 2255 is inadequate or ineffective to present his claim.  He contends that just as the Supreme Court held in *O'Brien* that the type of firearm is an element of the offense under § 924(c) that must be proven to the jury beyond a reasonable doubt, so also should his role as a "principal" in the CCE offense under 21 U.S.C. § 848 be found by the jury.  Without such a finding, he claims he is "actually innocent" of being a principal in the CCE which led to his mandatory minimum life sentence.  His asserts that his claim of "actual innocence" based on this change in law makes section 2255 inadequate and ineffective to present the claim he now raises in his section 2241 petition.

We reject this argument.  First, *O'Brien* is not an intervening change in the law.  See *Cabrera v. Scism*, 2011 WL 1460179 at *2 (3d Cir. Apr. 18, 2011)(per curiam)(nonprecedential).  Second, *O'Brien* did not have the effect of rendering Petitioner's conduct non-criminal.  It only dealt with the proper roles of the judge and jury, and only in the context of a section 924(c) offense.  In regard to the latter consideration, *O'Brien* does not even apply directly to Yates, who was convicted under 21 U.S.C. § 848(b).  *Cabrera*, 2011 WL 1460179, at * 2 (in affirming the district court's dismissal of a section 2241 petition, noting that *O'Brien* did not directly apply to the petitioner, who had

been convicted under 21 U.S.C. § 846).[3]

      We will issue an appropriate order.

                        /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge

Date: June 24, 2011

---

[3] We note that the Seventh Circuit denied Yates's application pursuant to 28 U.S.C. § 2254(b)(3) to file a second or successive motion raising his *O'Brien* claim. *Yates v. United States,* No. 11-1010 (7th Cir. Jan. 18, 2011). However, as noted above, a defendant's inability to satisfy the gatekeeping requirements of section 2255 is not enough to allow him to pursue a 2241 petition.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A YATES,                          :
               Petitioner      :
        vs.                          :         CIVIL NO. 1:CV-11-0592
                              :
B. A. BLEDSOE,                          :         (Judge Caldwell)
                              :
               Respondents     :

*O R D E R*

AND NOW, this 24th day of June, 2011, it is ordered that:

  1.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed for lack of jurisdiction.

  2.  The Clerk of Court is directed to close this case.

                                      /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge