UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. YATES,<br>       Petitioner | :<br>:<br>: CIVIL NO. 1:11-CV-0592<br>: |
| v. | :<br>: (Judge Caldwell) |
| B. A. BLEDSOE,<br>       Respondent | :<br>: |

*M E M O R A N D U M*

James A. Yates, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, has filed a motion for reconsideration of our order of June 24, 2011, dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition. The petition challenged the validity of his 1997 conviction and life sentence in the United States District Court for the Northern District of Illinois. In issuing our order, we rejected Petitioner's reliance on *United States v. O'Brien*, \_\_ U.S. \_\_\_, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), as a basis justifying our review under section 2241. *See* 2011 WL 2518316 (M.D. Pa.).

Since it is a challenge to a final order, Petitioner's motion is a motion to alter or amend governed by Fed. R. Civ. P. 59(e). A Rule 59(e) motion is a device of limited utility. A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

A Rule 59(e) "motion for reconsideration may not be used as a means to argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Worbetz v. Ward North America, Inc.*, 54 F. App'x 526, 533 (3d Cir. 2002)(nonprecedential). Nor can it be used to raise new legal issues. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)(quoted case and internal quotation marks omitted).

Petitioner's motion fails to meet this standard. It presents for the first time arguments based on *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011), and *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). These cases have nothing to do with the legal argument Yates presented in his 2241 petition on the basis of *O'Brien*. They therefore cannot be grounds for granting a Rule 59(e) motion.

Even if we considered Petitioner's reconsideration motion as another 2241 petition, we could not grant relief. As we explained to Petitioner in our memorandum accompanying the June 24, 2011, order, Petitioner could only invoke section 2241 if he "had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law." 2011 WL 2518316, at *1. Decided in 1948, *Cole* is not an intervening change in law. As for *DePierre*, that case held that the references to "cocaine base" in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii), meant not just cocaine base in crack form but all forms of cocaine base. ___ U.S. at ___, 131 S.Ct. at 227-28. Yates was convicted of various drug offenses involving cocaine and crack cocaine, *Yates v. Smith*, 190 F. App'x 113, 113 (3d Cir. 2006) (nonprecedential)

-2-

(affirming dismissal of a previous 2241 petition), but he makes no attempt to argue how *DePierre* rendered his conduct innocent. He argues instead issues involving the sufficiency of the evidence, whether the indictment charged him with the offense of conviction, and whether the drug type and quantity should have been resolved by the jury.[1]

        We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: April 9, 2012

---

[1] We note here that *Cole* also did not decriminalize conduct previously believed to be unlawful. It held that a state supreme court violated the defendants' due process rights when it upheld their convictions under a criminal provision under which they had not been indicted or tried, erroneously passing over their challenges to the offense under which they had actually been indicted and tried. 333 U.S. at 202, 68 S.Ct. at 517.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. YATES,  :
    Petitioner  :
      :  CIVIL NO. 1:11-CV-0592
v.  :
      :  (Judge Caldwell)
B. A. BLEDSOE,  :
    Respondent  :

*O R D E R*

AND NOW, this 9th day of April, 2012, it is ordered that Petitioner's motion (Doc. 11) for reconsideration under Fed. R. Civ. P. 59(e) is denied.

            /s/ William W. Caldwell
           William W. Caldwell
           United States District Judge